JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ICONIX BRAND GROUP, INC.; STUDIO IP
HOLDINGS, LLC, and ICON DE HOLDINGS,
LLC,

                                   Plaintiffs,

vs.

ROC NATION APPAREL GROUP, LLC; ROC
APPAREL GROUP LLC; ROC NATION, LLC;
SHAWN C. CARTER a/k/a JAY-Z; NEW ERA CAP
COMPANY, INC. d/b/a NEW ERA; MAJOR
LEAGUE BASEBALL PROPERTIES, INC.; HAT
WORLD, INC. d/b/a LIDS SPORTS GROUPS;
SAN FRANCISCO BASEBALL ASSOCIATES
LLC d/b/a SAN FRANCISCO GIANTS, and JOHN
DOES 1-5,

                                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# 17 CV 3096

**COMPLAINT**

**17 CIV. ____**

**JULY TRIAL DEMANDED**

APR 2 7 2017

Plaintiffs Iconix Brand Group, Inc. ("Iconix"), Studio IP Holdings, LLC ("Studio IP"), and

Icon DE Holdings, LLC ("Icon DE") (collectively, Iconix, Studio IP, and Icon DE are referred to

herein as "Plaintiffs") by their counsel, Blank Rome LLP, bring this action against Defendants

Roc Nation Apparel Group, LLC ("RNAG"); Roc Apparel Group LLC ("RAG"); Roc Nation,

LLC ("RNLLC"); New Era Cap Company, Inc. d/b/a New Era ("New Era"); Shawn C. Carter a/k/a

Jay-Z ("Carter"); Major League Baseball Properties, Inc. ("MLB"); Hat World, Inc. d/b/a Lids

Sports Group ("Lids"); San Francisco Baseball Associates LLC d/b/a the San Francisco Giants

("SF Giants"), and John Does 1-5, alleging the following:

## PRELIMINARY STATEMENT

This action is for trademark infringement by a present business and contract partner of

Iconix and Studio IP; for false designation of origin, passing-off, and unfair competition pursuant

521949.00667/105584627v.2

to 15 U.S.C. § 1125(a) and New York law; trademark dilution pursuant to 15 U.S.C. § 1125(c) and New York law; unfair competition; unjust enrichment; tortious interference with contract; tortious interference with prospective business relations; breach of contract; and for related statutory and common law claims as herein pleaded.

Plaintiffs seek injunctive relief, an accounting, compensatory and statutory damages, trebling of the damages under applicable statutes, attorneys' fees, and costs.  Unless RNAG, RAG, RNLLC, New Era, Lids, the respective John Doe entities who were involved in such infringement and the transactions contemplated herein, and MLB are permanently enjoined from (i) promoting, distributing, and/or selling an infringing collection of baseball caps bearing the ROC NATION name and logo in International Class 25, which mark is owned and controlled by Studio IP, which goods compete or will compete against products of Iconix and diminishes the name, standing, reputation, and good will of Studio IP's ROC NATION trademark in Class 25, directly harming the ROC NATION mark and harming Plaintiffs, creating confusion regarding whether ROC NATION for Class 25 products is owned by RNAG, RAG, RNLLC, MLB, New Era, Lids, or its true owner, Studio IP; (ii) offering for sale, selling, or marketing and promoting Class 25 products that include or display the ROC NATION mark owned by Studio IP; and/or (iii) misrepresenting that ROC NATION is owned, licensed, or controlled by them for Class 25 products, Plaintiffs will continue to suffer irreparable harm and significant damages, including loss of control of their valuable mark, ROC NATION in Class 25.

## JURISDICTION & VENUE

1.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121 because this lawsuit arises from claims for dilution, passing-off, and false designation of origin and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (c) and for other claims arising under the Lanham Act.

521949.00667/105584627v.2

2.      The Court has supplemental jurisdiction over the non-federal claims pursuant to 28 U.S.C. § 1367(a) and § 1338(a)-(b).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants are located in or conduct significant business in the District comprising the Southern District of New York, and a substantial part of the events or omissions underlying the asserted claims arose in or from the Southern District of New York or affect commerce in this District.  There is no other venue among the federal courts that has a stronger relationship with the facts and circumstances of this matter.

4.      While not all of the claims asserted in this pleading arise under the Lanham Act or federal statutes, no other court or jurisdiction has a greater interest in the facts and circumstances of this matter.

5.      The Court has general and/or specific jurisdiction over each of the Defendants, all of whom regularly conduct business in New York.

6.      The claims against all Defendants arise from activities in New York, specifically the Southern District of New York, and/or the torts complained of occurred in New York or affect Plaintiffs in New York as the harm from such torts was intended to damage Plaintiffs in New York.

## THE PARTIES

7.      Iconix is a Delaware company with its principal place of business located at 1450 Broadway, New York, New York.  Iconix is a brand-management company which owns and licenses a portfolio of consumer brands, and, through its wholly-owned subsidiaries Studio IP and Icon DE, owns and licenses the ROC NATION mark in Class 25, among other Classes, as part of its business.  Iconix is a publicly-traded corporation listed on the NASDAQ Global Select Market.

8.      Studio IP is a Delaware limited liability company located at 1450 Broadway, New York, New York, and is a wholly-owned subsidiary of Iconix.  Studio IP is the owner and licensor

of various ROC NATION marks, including the mark "ROC NATION" in various International Classes (known as Nice Classes), including Class 25 comprising clothing, footwear, headgear, and other apparel products.

9.     Icon DE is a Delaware limited liability company located at 1450 Broadway, New York, New York, and is a wholly-owned subsidiary of Iconix.  Icon DE is the owner and licensor of various trademarks and intellectual property of Iconix.

10.    Roc Nation Apparel Group, LLC is a New York limited liability company located at 1411 Broadway, New York, New York 10018.

11.    Roc Apparel Group, LLC is a New York limited liability company located at 1411 Broadway, New York, New York 10018.  RAG previously operated under the name Rocawear Design Holdings, LLC between January 29, 2001 and June 18, 2004 and Rocawear Design Holdings LLC prior to January 29, 2001.

12.    Roc Nation, LLC is a Delaware limited liability company located at 1411 Broadway, New York, New York 10018.

13.    New Era Cap Company, Inc. is a New York corporation with its principal place of business located at 160 Delaware Avenue, Buffalo, New York 14202.  New Era conducts business around the world as New Era Caps and also conducts business in apparel other than hats, including sports apparel, directly through stores, on-line, distributors and licenses, wholesale and retail, and other modes of sales.  Through a contract with MLB, it is the official hat of Major League Baseball.

14.    Shawn C. Carter a/k/a Jay-Z is an individual residing in New York, New York and controls directly or indirectly RNLLC and/or RNAG and/or RAG and/or certain of the John Doe entities which will be identified through discovery and who played a role in the activities complained of in this pleading.  Carter is the founder of RNLLC.

521949.00667/105584627v.2

15.     Major League Baseball Properties, Inc. is a New York company located at 245 Park Avenue, New York, New York 10022. MLB is the official licensing arm of Major League Baseball, acting as an agent and representative of the teams of Major League Baseball with regard to their trademark and other intellectual property, paying royalties to such teams pursuant to contracts MLB enters with third-parties to exploit, among other assets, the trademarks of teams including their team logo and name.

16.     Hat World, Inc. d/b/a Lids Sports Group d/b/a Lids is a Minnesota corporation with its principal place of business located at 1415 Murfreesboro Pike, Suite 240, Nashville, Tennessee 37217.  Lids is registered as a foreign business corporation licensed to conduct business in New York.

17.     San Francisco Baseball Associates LLC d/b/a the San Francisco Giants is a California limited liability company located at AT&T Park, 24 Willie Mays Plaza, San Francisco, California 94107.

18.     The John Doe Defendants are entities or persons not presently known to Plaintiffs but who contracted with, for, or on behalf, of RNLLC and/or RNAG and/or RAG and/or Carter, or with Carter's permission and direction, New Era and/or MLB.  The John Doe entities also may include persons unknown to Plaintiffs but whom under the direction or control of RNLLC, RAG, RNAG, or Carter participated in or directed the activities of RNLLC, RAG, or RNAG or the other John Does to whom activities in this pleading are attributed.

19.     Personal jurisdiction exists over each Defendant because each is located in and/or conducts substantial business or is substantially present in New York, and each avails itself of the privileges and protections of the laws of the State of New York, such that the Court's jurisdiction over each Defendant does not offend traditional notions of fair play and due process.

521949.00667/105584627v.2

## FACTS COMMON TO ALL ALLEGATIONS

**A.     Studio IP Acquires the ROC NATION Mark**

20.     Iconix is the owner and manager of various consumer brands, including MOSSIMO, ROYAL VELVET, RAMPAGE, JOE BOXER, DANSKIN, ED HARDY, BONGO, ZOO YORK, PEANUTS, STRAWBERRY SHORTCAKE, CHARISMA, CANDIES, STARTER, OP (OCEAN PACIFIC), FIELDCREST, ROCAWEAR, ROC NATION, LONDON FOG, PONY, WAVERLY, CANNON, MODERN AMUSEMENT, LEE COOPER, MARC ECKO, UMBRO, ARTFUL DODGER, and others.

21.     Iconix's brands are recognized by consumers and the fashion and entertainment industries, among others, as being well-known consumer brands with a worldwide scope and appeal, sold through various stores, on-line, distribution channels, and in various consumer and retail markets.

22.     Iconix's brands are leaders in their various retail and consumer platforms.  Iconix has one of the largest collection of consumer brands under one common owner anywhere in the world.

23.     Iconix's brands, including the trade name owned by its subsidiary, Studio IP, ROC NATION in Class 25, and the intellectual property and trademarks owned by Icon DE, and the company's logos and related intellectual property are well-known to consumers.

24.     Iconix's brands and the marks of Studio IP and Icon DE are identified and recognized (and enjoy fame and distinction) among consumers as reputable brands, identifying Iconix and/or Studio IP and/or Icon DE as the source of such brands that are sold in independent, chain, department, and other stores, boutiques, and shops located throughout the world, including on-line and through various e-commerce stores and vendors.

521949.00667/105584627v.2

25.     The various Iconix brands are recognizable by, among other things, their brand name, trademark, and/or logo.

26.     Studio IP's ROC NATION mark is well-known in Class 25, and has achieved considerable independent consumer recognition through the efforts, promotion, marketing, and advertising of Iconix (through its wholly-owned affiliates or licensees) and Iconix's contract, business, and license partners, including RNAG, and through considerable expense and effort incurred by Iconix and/or Studio IP.

27.     The ROC NATION name and mark are well-known in apparel and other products, well-received by customers and the trade, and the mark and name have received considerable notoriety, publicity, and exposure as a consumer brand.

28.     RNAG, RNLLC, RAG, Carter, and/or John Does have assisted the ROC NATION mark in becoming famous both directly and with secondary meaning through marketing and publicity efforts not just in Class 25 (RNAG) but in other International (Nice) Classes and other businesses bearing the ROC NATION name as part of its presentation.  ROC NATION is used by these Defendants in the entertainment, sports, and other areas as the name and brand in which such other business is conducted.

29.     Defendants each are sophisticated entities represented by numerous professionals, advisors, and counsel.  Defendants are seasoned business entities and are well-educated and experienced in domestic and international business and commercial sales of products, particularly in the licensing of trademarks.

30.     ROC NATION is a well-known mark that has achieved considerable consumer recognition and success, displaying a 'block' style, all-capital presentation as follows:

# ROC NATION

521949.00667/105584627v.2

which has been for years, and remains, well-known and famous to the consuming public, which identifies ROC NATION as an Iconix brand.

**B.**   **Iconix Acquires ROC NATION**

31.     As of March 6, 2007, Iconix entered into an Asset Purchase Agreement (the "APA") with Rocawear Licensing LLC and others in which Iconix acquired, among other assets and things, all of the Intellectual Property (defined at APA Art. 1.19) including "rights analogous to those set forth in this definition and any and all other proprietary rights relating to Intangibles" (defined at APA Art. 1.18).

32.     The APA at Art. 1.25 and Art. 2.1(1) conveyed all ROC NATION marks in Class 25 and all Intellectual Property Rights (defined at APA Art. 1.19) of the Seller to Iconix in connection with the "Business," defined at APA Art. 1.2 as "the licensing and brand management business conducted by Seller . . . relating to the ROCAWEAR family of Marks . . . and associated names . . . ."

33.     The ROC NATION mark in Class 25 conveyed to Iconix by the Seller in the APA included the mark ROC and all derivatives and extensions thereof, and associated names bearing the name and mark ROC, including ROC NATION in Class 25.

34.     Indeed, APA Art. 4.17(2) and Schedule 4.17 included ROC in the marks conveyed to Iconix by the APA, which included and include all derivatives and extensions thereof.

35.     The purchase price under the APA was $204,000,000, paid by Iconix for the assets purchased and liabilities under the APA, ███████████████████████████████ ██████ in addition to other consideration exchanged between the parties.  Part of the purchase price included the ROC mark in the forms identified in the APA and all extensions and derivatives of the ROC mark.

36.     Six years after the APA, a dispute arose between Iconix and RNLLC about use of the name and logo, ROC NATION, which name and logo was not being commercially used by Rocawear Licensing LLC at the time of the APA but which mark and name was contemplated in and by the APA as a derivative and natural extension of the ROC mark conveyed to Iconix under the APA.

37.     While Iconix always has rightfully maintained that ROC NATION was a natural extension of the mark ROC, which Iconix acquired under the APA, Iconix and RNLLC agreed in a ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████

38.     ████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████

39.     ████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████

40.     ████████████████████████████████████████████
████████████

41.     The ROC NATION mark conveyed to Studio IP for Class 25 cannot be opposed or challenged by RNLLC under ████████████████████████████.

521949.00667/105584627v.2

42. ███████████████████████████████████████

███████████████████████████████████████████

████████████████████████

43.     RNLLC, RAG, and/or RNAG have no basis under the ████████████ or under

any agreement or law to challenge Studio IP's ownership of ROC NATION in Class 25.

44.     RNLLC, RAG, and/or RNAG have no basis under the ██████████████ to

challenge or oppose Studio IP's exclusive use and control of ROC NATION in Class 25.

45.     RNLLC is required under ████████████████████████████████

█████████████████████████████████████████

46. ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████

47. ███████████████████████████████████████

████████████████████████████████████████

48. ███████████████████████████████████████

████████████████████████████████████████████

C.     ██████████████████████████████

49. ███████████████████████████████████████

███████████████████████████████████████████

██████████████████████

521949.00667/105584627v.2

50. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████

51. ███████████████████████████████████

█████

52. ███████████████████████████████████

███████████████████████████

53. ███████████████████████████████████

███████████████████████████████████████

██████████████████████

54. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████

**D.** ████████████████████████

55. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████

56. ███████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

521949.00667/105584627v.2

57. ███████████████████████████████████████████

58. ███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████

59. ███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████

60. ███████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████

61. ███████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████████████████

62.    This lawsuit is necessary to protect Plaintiffs' rights to the ROC NATION mark

secured to Studio IP under the ████████████████████████████████████████████████

████████████████ and, to the extent implicated, the ██████.

63.    This lawsuit does not concern exploitation of the Rocawear brand or exploitation

of the Roc Nation brand, as the Roc Nation brand is exploited and used by RNAG, RNLLC, RAG,

Carter, and/or John Doe entities in various forms and business not covered by the ██████████

████████████████████████████.   This lawsuit instead focuses on infringement, dilution,

521949.00667/105584627v.2

commingling, misappropriation, and the other claims and causes of action herein concerning the Defendants' improper use and misappropriation of the ROC NATION mark in Class 25 as detailed in this pleading.



**E.**   **RNAG Uses and Infringes ROC NATION in Class 25: The New Era Caps**

67.   Plaintiffs' brands and trademarks are strong commercial successes.  In particular, goods offered for sale in connection with Plaintiffs' respective marks have generated sales in the hundreds of millions of dollars. Plaintiffs' brands are immensely popular with the general consuming public as evidenced by, *inter alia*, their worldwide sales, followers on Twitter, Instagram, and other social media, millions of "likes" for their respective Facebook pages, and other media platforms in which the consuming public has embraced the various brands of Iconix.

68.   Iconix has invested significantly in creating, maintaining and promoting the goodwill associated with its brands, names, likenesses, and trademarks.

69.   Iconix and its media, licensees, distribution, retail, e-commerce, and fashion partners have spent millions of dollars advertising and promoting goods offered in connection with

521949.00667/105584627v.2

the fashion products, brand names, images, likenesses, and intellectual property (including their trademarks) of Iconix's brands throughout the world.

70.     In addition to traditional advertising, Iconix and its business partners market and promote Iconix's brands through social media platforms such as Facebook, Instagram, Twitter and YouTube.

71.     As a result of Plaintiffs and its business and commercial partners' extensive sales, advertising, and promotional efforts, including in connection with the sale of clothing and other products, and their consistent production of high quality goods, Plaintiffs' respective marks – including ROC NATION – are widely recognized by the general consuming public of the United States and are famous and have garnered goodwill of incalculable value.

72.     Prior to March 2017, RNAG[1] and New Era entered into an agreement in which New Era agreed to manufacture, produce, market, distribute, and sell baseball hats bearing the ROC NATION mark and logo on the interior of the cap, and bearing on the cap's exterior a different logo, a paper plane recognized as being affiliated with ROC NATION.  The special edition hats also bear the New Era logo and MLB logo, along with an actual Major League Baseball team logo or name, commingling the ROC NATION mark with other distinguished and distinctive marks.

73.     Collectively, the special edition New Era baseball caps and any other apparel or Class 25 goods as part of the announced partnership among MLB, RNAG, and New Era, and each

---

[1]  Plaintiffs do not know whether RNLLC, RAG, RNAG, or a new or different 'Roc Nation' entity existing or created by RNLLC, RAG, or RNAG or John Does for purposes of the partnership with New Era / MLB actually contracted with New Era and/or MLB with regard to the New Era Caps, defined herein.  For purposes of pleading, any reference to RNAG as the contracting 'Roc Nation' entity or Defendant with New Era and/or MLB with regard to the New Era Caps means and includes RNLLC and/or RAG and/or RNAG and/or John Doe entities.  The actual contracting 'Roc Nation' or Carter-related entity with regard to the New Era Caps and the entity which purported to convey or license the ROC NATION mark for the New Era Caps will be disclosed during discovery, and the Complaint amended.

521949.00667/105584627v.2

of them, and each of their hat and apparel collections with 16 Major League Baseball teams, bearing the ROC NATION name, image, and mark inside the cap or elsewhere are referred to herein as the "New Era Caps."  Ex. C. includes images of New Era Caps from the websites of Lids and New Era.

74.     Starting in March 2017, New Era, as a brand, became the official baseball cap of Major League Baseball, with the New Era logo adorning MLB baseball caps since 2016, and, as a company contracting with MLB, began selling the specially-designed New Era Caps for 16 Major League Baseball teams, including SF Giants.  The interiors of the New Era Caps for the 16 teams bear the ROC NATION name, image, and logo.

75.     The New Era Caps are being presented and marketed as "New Era X Roc Nation" or "New X Roc Nation" special edition hats.

76.     New Era is selling and marketing the New Era Caps as "MLB New Era X Roc Nation 59Fifty Cap."

  

77.     Lids is selling and marketing the New Era Caps as "New Era MLB New Era X Roc Nation 59Fifty Cap."

78.     The exclusive, limited-edition collection of New Era Caps consists of a range of New Era's traditional "59FIFTY" fitted caps, featuring the following baseball franchises: New York Yankees, New York Mets, Los Angeles Dodgers, Chicago Cubs, Chicago White Sox, Boston

521949.00667/105584627v.2

Red Sox, San Francisco Giants, Atlanta Braves, Detroit Tigers, Washington Nationals, Baltimore

Orioles, Texas Rangers, Houston Astros, Seattle Mariners, Miami Marlins, and Toronto Blue Jays.

79.     SF Giants approved and authorized its "SF" logo and trademark to be used on the

New Era Caps, knowing and approving such use of its mark along with the name and logos of

New Era, MLB, and ROC NATION.

80.     SF Giants intended to commingle its logo with the ROC NATION mark in order to

seize upon the popularity and strength of the ROC NATION mark to increase sales of the New

Era Caps in order to enjoy more royalty payments from MLB and to secure additional profits.

81.     MLB is an exclusive licensing agent for SF Giants, but SF Giants engages in quality

control over its name and mark through approving use of its name and mark on products licensed

by MLB.

82.     SF Giants knew of and approved the use of its name or logo and trademark on the

New Era Caps.

83.     MLB is the licensing agent for SF Giants.

84.     SF Giants did not contest the use of its name or logo or mark on the New Era Caps.

85.     SF Giants own its "SF" trademark used on the New Era Caps.

86.     Neither RNLLC, RAG, RNAG, Carter, New Era, SF Giants, John Does, nor any

individual or entity affiliated with Defendants warned, consulted, asked, inquired, or contacted

Plaintiffs about the New Era Caps bearing Studio IP's ROC NATION mark.

87.     MLB acts as an agent for SF Giants in licensing the mark of the SF Giants to third-

parties and paying royalties to SF Giants.

88.     Upon information and belief, the New Era Caps are the product of a license by

RNAG or RNLLC or RAG and/or John Doe entities under the direction of such Defendants with

New Era, which itself has a license and/or business partnership with MLB for the manufacture, marketing, promotion, and sale of baseball hats, among other products.

89.     Neither Iconix, Icon DE, nor Studio IP consented to or authorized ROC NATION being used as a mark on the New Era Caps.

90.     The New Era Caps are authorized to be sold by at least the 16 Major League Baseball teams announced by New Era and RNAG as participating in the special edition New Era Caps, including SF Giants, and are authorized to be sold by, and are being sold and marketed by, Lids stores and its website (www.lids.com), New Era stores and its website (www.shopneweracap.com), and other retail outlets and venues.

## F.   RNAG (and Others) Infringe ROC NATION in Class 25: Unauthorized Apparel

91.     ███████████████████████████████████████████████████████████
███████████████████████████████████, but RNAG has simply continued to use (or caused and/or allowed its affiliates to use) the ROC NATION mark without authorization as a rogue holdover licensee.  As a result, Carter and his various companies, including RNLLC, RNAG, RAG (and others), have deliberately undermined a series of agreements, after receiving millions in substantial compensation from Plaintiffs, by continuing to use and exploit in business the very property already conveyed to Iconix and Studio IP by contract.

92.     RNLLC and/or RAG and/or RNAG and/or John Does currently design, manufacture or cause to be manufactured, market, license, advertise, and/or distribute ROC NATION branded apparel and clothes (shirts, hats, sweatshirts, pants, outwear, socks, and other apparel) at www.shop.rocnation.com (the "Roc Nation Website"), and at brick-and-mortar stores, boutiques, and through retailers, vendors, and sellers around the world.

93.     The Roc Nation Website is operated by RAG and its affiliates and subsidiaries.

521949.00667/105584627v.2

94.     The subject apparel bears the ROC NATION name, logo, and brand on the labels, hanging tags, eyelets, and other parts of the apparel and clothes, including hats, hoodies, sweat pants, shirts, bottoms, outerwear, and other clothes and accessories.  Such branding and use of the ROC NATION mark includes counter and store displays, and store advertising and promotional materials. Collectively, all such apparel and goods, and the marketing and advertising thereof, excluding the New Era Caps, are referred to herein as the "ROC NATION Apparel."

95.     The unapproved and infringing ROC NATION Apparel is currently sold on the Roc Nation Website.  The ROC NATION Apparel prominently bears the ROC NATION mark, owned by Studio IP, on the products themselves, which are advertised, described, and promoted on the Roc Nation Website using and bearing the ROC NATION mark on and as part of advertising and promotional copy as demonstrated in the images below:

 

96.     Additional examples of the unauthorized ROC NATION Apparel sold on the unauthorized Roc Nation Website as of the date of this Complaint, are attached as Ex. D.

97.     According to the Roc Nation Website, the offending ROC NATION Apparel is currently available in at least fifty-six (56) brick-and-mortar retail outlets throughout the United

521949.00667/105584627v.2

States, including at least seventeen stores in New York, among twenty states with retail outlets offering the offending products.[2]

98.     There are numerous third-party retailers offering the offending ROC NATION Apparel online around the world.

99.     Just as the unauthorized and infringing use of the ROC NATION mark by Defendants harmed Iconix's broader portfolio of brands, RNAG, RAG, RNLLC, Carter and John Does 1-5 unjustly benefitted in other business lines from such infringing use.

100.     For instance, the ROC NATION brand is a multidisciplinary household name, utilized in a variety of non-Class 25 contexts by Carter and entities owned or controlled by Carter spanning entertainment, sports management, artist and talent management, publishing, documentary and music production, brand development, boxing promotion, and other businesses.  These different commercial lines, products, and services are promoted together as a unified ROC NATION brand, including through the website www.rocnation.com.  This website links to the Roc Nation Website where the infringing ROC NATION Apparel is promoted, offered for sale, and sold.

101.     Thus, other ROC NATION products and services offered by Carter and various entities under his ownership and control, including, without limitation, RNAG, RAG, RNLLC, and John Does 1-5, are being unjustly enriched through "caravanning" sales from the unauthorized ROC NATION Apparel promoted alongside these businesses, driving increased visibility of the brand overall and increased revenue for these non-Class 25 goods and services.

---

[2] Alabama, California, Connecticut, Florida, Georgia, Indiana, Kentucky, Louisiana, Massachusetts, Missouri, North Carolina, New Jersey, New York, Nevada, Ohio, Pennsylvania, Rhode Island, Tennessee, Texas, and Virginia.

521949.00667/105584627v.2

102.    Plaintiffs have never approved the sale, distribution, marketing, and promotion of goods and apparel bearing the ROC NATION mark by RNAG, RAG, RNLLC, or others controlled by Carter.

103.    The sale, distribution, advertising, marketing, and promotion of ROC NATION Apparel infringes and dilutes the ROC NATION mark.

104.    RNAG has enjoyed substantial sales and profits of ROC NATION Apparel bearing the ROC NATION mark of Studio IP without Plaintiffs' permission or authorization.

105.    Lids sells the New Era Caps to the public and also includes as part of its packaging a special bag which prominently displays the name and marks of Lids, New Era, and ROC NATION, commingling such marks to detriment of Plaintiffs:



**G.    The Importance of the ROC NATION Mark to Studio IP**

106.    Since acquiring the ROC NATION mark in Class 25, Iconix, directly or through Studio IP, has used the mark continuously and as a distinctive element of its ROC NATION business.   Studio IP filed the word mark ROC NATION with the United States Patent and Trademark Office (Serial Number 86060790) on September 10, 2013 (Ex. E), shortly after the ▮▮▮▮▮▮▮▮▮▮▮, and has been using and/or licensing and/or attempting to license and use the mark in commerce since the mark was acquired.

521949.00667/105584627v.2

107.    The acquisition and use of the ROC NATION mark is part of broader investment and business strategy by Iconix commencing with the acquisition of all of the marks within ROCAWEAR, ROC, and related family of marks in 2007 under the APA.

108.    This important portfolio of marks is complimented by dozens of consumer brands that makeup the unique and diversified business portfolio underlying the success of Iconix's business. Therefore, any unauthorized use or damage to the ROC NATION mark affects not only the Plaintiffs' interests in the ROC NATION mark but also in its portfolio of trademarks and business interests.

109.    The ROC NATION mark is distinctive and famous.

110.    The ROC NATION mark has secondary meaning that is famous.

111.    Plaintiffs directly and/or through Studio IP's licensee have engaged in marketing, advertising, and promotion of the ROC NATION mark, causing the mark to become, among other reasons and efforts by Plaintiffs, famous.

112.    There is substantial consumer recognition of the ROC NATION mark as a famous mark.

113.    Since July 2013, Plaintiffs have used the ROC NATION mark in commerce (Class 25) and in the sale of goods and apparel through licensing arrangements.

114.    Defendants market and sell products bearing Studio IP's ROC NATION mark to the same customers and trade to whom Iconix sells or license its products.

115.    Often, collateral products and other materials are included as part of such marketing, promotion, and sales in order to further deceive the public by marketing and positioning the ROC NATION mark as appearing to be owned or controlled by Defendants RNAG, RNLLC,

RAG, and/or John Does.  Such collateral products take different forms, including a pennant included with the sale of New Era Caps at Lids:



116.    Such collateral products and things help drive sales to New Era and Lids because the ROC NATION mark is commingled with their marks and names, which Studio IP mark is diluted to the prejudice of Plaintiffs.  Collateral products also are intended to promote Defendants as the owners of the ROC NATION mark in Class 25.

117.    The collateral products such as the pennant bearing the ROC NATION mark are intended to promote New Era, Lids, and RNLLC / RNAG / RAG or John Does under their control.

118.    RNLLC has represented in prior lawsuits that the ROC NATION mark is famous and well known.

119.    As an example of RNAG, RAG, and RNLLC's brazen disregard of the Iconix and Studio IP brand, reputation, and image, and the ██████████████, upon information and belief (because Plaintiffs do not know which entity contracted with New Era and/or MLB for the New Era Caps business), RNAG and/or RAG and/or RNLLC (or John Does at their direction or the direction of Carter or his subordinates) before March 2017, without informing Plaintiffs and without securing or even seeking Plaintiffs' authorization, contracted without authority to license, convey, or authorize use of the ROC NATION mark in Class 25 with the New Era Caps despite that Iconix / Studio IP ████████████████████████████████████████████████████ ██████████████████████████████████████.

521949.00667/105584627v.2

120.    Studio IP's ROC NATION trademark in Class 25 is valid, subsisting, uncancelled, alive, and unrevoked.

121.    Continuously since filing, Studio IP has used (or licensed others to use) ROC NATION in commerce, or attempted to use ROC NATION in commerce since acquiring the mark, in connection with Class 25 use, including the mark's use in apparel sales, advertising, marketing, distribution, and/or promotion.

122.    Iconix (and its former licensing partner) has and continues to distinguish its ROC NATION brand and Class 25 products from other products and items offered by other companies which engage in the sale and design of apparel by, without limitation, prominently displaying its ROC NATION mark in Class 25 and intellectual property on or in connection with its brand and products or as part of advertising, marketing, or promotional materials distributed throughout the world.

123.    Plaintiffs' ROC NATION mark in Class 25 has been prominently displayed on products and in print, static, moving, and other advertising, promotional materials, and media displayed and distributed throughout the world, and has appeared in print, moving, social media, and other advertisements for many years.

124.    Given the sophistication of Defendants, who not only are seasoned and experienced in selling goods directly and as licensors and/or licensees, but also are experts in the licensing of trademarks given the importance and value of trademarks to their business, Defendants should have obtained clearance from Plaintiffs before going to contract or license and before using the ROC NATION mark which Defendants could easily have confirmed was owned by Studio IP in Class 25 through a U.S.P.T.O search.

125.    Defendants took no steps to confirm ownership of the ROC NATION mark prior to entering into the New Era Caps business or the ROC NATION Apparel business, a careless and/or intentional act or practice which led to the infringement, passing-off, misappropriation, and other harm alleged herein.

126.    In addition, the ROC NATION mark in Class 25 acquired by Iconix and Studio IP through the ███ and validated and confirmed by the ████████████ and later confirmed by the ██████████, is used throughout various apparel products, designs, and collections.

127.    As of the date of this Complaint, Iconix is actively engaged in negotiating for the expanded use of ROC NATION and its signature look and feature throughout the United States and has negotiated for use of the ROC NATION mark in Class 25 throughout the world.

128.    Iconix sells, distributes, markets, and promotes its brands and has and will do the same with regard to the ROC NATION mark in Class 25, worldwide through licensees and/or other contracts, distributors, wholesale accounts and dealers, or other sellers who are charged with developing and building the brand and the brand's image and reputation.

129.    Each of Studio IP's representatives, agents, distributors, and licensees is an ambassador to the company name and brand, and charged with building customer loyalty.

130.    Emory "Vegas" Jones of RNLLC and/or RAG and/or RNAG and/or a 'Roc Nation' John Doe has provided at least one interview to Vibe magazine about the New Era Caps, boasting that New Era opened the discussions with RNLLC, RAG or RNAG about the New Era Caps, and maintaining that the opportunity to team with New Era for the New Era Caps was "*bigger than selling a hat*," suggesting a further branding position and use of the ROC NATION mark by RNLLC, RAG, or RNAG in Class 25 to the exclusion of Plaintiffs.

521949.00667/105584627v.2

131.    Mr. Jones boasted in the article (http://www.vibe.com/2017/04/emory-vegas-jones-roc-nation-new-era-mlb-cap-collection/) of other products bearing the ROC NATION mark and other "drops" of new hats or products.

132.    Mr. Jones, who refers to himself as a 'Roc Nation Lifestyle Specialist,' also observed in "The Source" magazine (published March 31, 2017: http://thesource.com/2017/03/31/rocnation-lifestyle-specialist-vegas-jones-talks-partnership-with-new-era-x-mlb) that "*We all done made paper planes because that paper plane solidifies where you want to go . . .,*" suggesting that the New Era Caps indicate a new line of important products to RNAG and/or RNLLC, especially given that this new line represents an opportunity to expand the ROC NATION mark in connection with the New Era Caps.

133.    Defendants have undertaken activities in connection with the sale and promotion of products that are likely to cause consumer confusion as to the source or origin of their goods. In particular, consumers are likely to mistakenly believe that one or more of the Defendants are the source of the ROC NATION name and mark used in connection with the New Era Caps and the ROC NATION Apparel and/or that Plaintiffs endorse or are affiliated with the other brands and trademarks displayed with the infringing products.

134.    The likelihood of confusion, mistake, and deception as well as the dilution of Studio IP's mark, engendered by Defendants' sale of the infringing products, has caused and is causing irreparable harm to Plaintiffs and the goodwill associated with Plaintiffs' ROC NATION brand and the ROC NATION mark.

135.    Defendants know, and at all relevant times knew, that consumers are likely to believe that the New Era Caps and, with regard to RNLLC, RAG, RNAG, and/or John Does, the

521949.00667/105584627v.2

ROC NATION Apparel, bearing the ROC NATION name, images, likenesses, and intellectual property are authorized, sanctioned, or licensed by Plaintiffs, even though they are not.

136.    Defendants undertook the actions described herein with the deliberate intent to create a false impression as to the source, sponsorship, and quality of the New Era Caps and, with regard to RNLLC, RAG, RNAG, and/or John Does, the ROC NATION Apparel, and to dilute the distinctiveness of Studio IP's trademark.

137.    Defendants' conduct described herein is intentionally fraudulent, malicious, willful and wanton.

138.    Defendants' conduct has greatly injured Plaintiffs, and if not enjoined, will continue to greatly injure Plaintiffs and their intellectual property.

139.    Plaintiffs will suffer irreparable harm to their business reputations, the ROC NATION mark, and the goodwill associated with the ROC NATION brand and Iconix's respective brands because they have no control over Defendants' products and no control over the presentation of the ROC NATION mark on such products.

140.    Defendants are luring consumers to purchase their products through their use of marks that are identical and/or confusingly similar to Studio IP's mark, and their blatant use of the ROC NATION name owned by Studio IP.

141.    Plaintiffs will also suffer irreparable harm because use of the ROC NATION mark and/or marks confusingly similar thereto dilutes the distinctiveness of Plaintiffs' famous trademarks.

142.    Defendants' deceptive conduct is harming the public in addition to harming Plaintiffs and their brands.

521949.00667/105584627v.2

143.    If Defendants do not stop infringing, using, displaying, and marketing the ROC NATION brand in connection with the New Era Caps and ROC NATION Apparel, Plaintiffs will lose custody and control over the quality and use of the mark to their detriment.  Plaintiffs will not be able to bridge the gap in terms of redirecting consumers and the trade's understanding that Plaintiffs – not Defendants, especially RNLLC and/or RAG and/or RNAG and/or Carter – own and control ROC NATION as a trademark and brand for Class 25 products.

### FIRST CAUSE OF ACTION
**(Common Law Trademark Infringement Against RNAG,
RAG, RNLLC, and/or John Does: ROC NATION Apparel)**

144.    Plaintiffs replead, reallege, and incorporate herein by reference the allegations in all of the proceeding and subsequent paragraphs as if set forth in full.

145.    Iconix, through Studio IP and/or Studio DE and their respective licensee(s), have continuously used ROC NATION as a trademark in Class 25 in interstate commerce since at least July 1, 2013.  Studio IP applied for registration of the ROC NATION mark in September 2013 with the U.S.P.T.O., which registration is pending and imminent.

146.    Plaintiffs, as the direct owners (Iconix through its wholly-owned subsidiary Studio IP) of all right, title, and interest in and to the ROC NATION mark in Class 25, a valid, strong and legally protectable mark, have standing to maintain an action for trademark infringement.

147.    RNLLC, RAG, Carter, RNAG (as Studio IP's licensee), and any other John Doe entity owned or controlled by RNLLC, RAG, RNAG, and/or Carter and/or companies controlled by them, at all times relevant, were aware that Iconix and/or Studio IP owned ROC NATION in Class 25 (and other Classes) and applied to register ROC NATION in Class 25, among other Classes.

521949.00667/105584627v.2

148.   RNAG, RAG, RNLLC, and/or John Does failed to obtain the consent and authorization of Studio IP as the owner of ROC NATION in Class 25 for their manufacture, sale, distribution, and promotion of ROC NATION Apparel bearing the ROC NATION mark.

149.   RNAG, RAG, RNLLC and/or John Does, individually and/or collectively, intentionally and knowingly infringed on Studio IP's ROC NATION trademark by, among other acts: (i) offering for sale, selling and/or advertising the unauthorized ROC NATION Apparel bearing the ROC NATION mark, or a confusingly similar mark, physically and prominently on the goods; (ii) offering for sale, selling, designing, manufacturing and advertising the unauthorized ROC NATION apparel bearing the ROC NATION mark or a confusingly similar mark, physically and prominently on the goods, in at least fifty-six brick-and-mortar locations across at least twenty states and through third-party online retail outlets; (iii) displaying, showing, exhibiting, and presenting the ROC NATION Apparel bearing the ROC NATION mark owned by Studio IP; (iv) using the ROC NATION mark in connection with advertising and promotional materials of the ROC NATION Apparel and using the mark to establish promotion and marketing channels which associate the mark with RNAG, RAG, RNLLC and/or John Does; (v) maintaining and operating the Roc Nation Website bearing the ROC NATION mark, or a confusingly similar mark, in the Roc Nation Website URL and prominently displayed on the home page and throughout the website; and/or (vi) inserting and arranging the ROC NATION name and logo along with the paper airplane logo and/or one or more corporate names of RNAG, RAG, RNLLC, or John Does in a bold, large, heightened, and aggressive manner such that name and logo are together and synonymous with the ROC NATION mark owned by Studio IP.

150.   Based on these infringing activities, RNAG, RAG, RNLLC and/or John Does are thereby using a copy, counterfeit, reproduction, or colorable imitation of the ROC NATION mark,

521949.00667/105584627v.2

or confusingly similar mark, in Class 25 in a manner that is likely to confuse, deceive, and/or cause mistake among consumers (and has caused such confusion, mistake, and/or deceit) as to the source of the ROC NATION mark in Class 25, and as to the source of the ROC NATION Apparel, and as to the relationship between Plaintiffs and ROC NATION and RNAG, RAG, RNLLC and/or John Does or among themselves.

151.    RNAG's status as holdover licensee compounds the likelihood of such confusion. Indeed, the ROC NATION Apparel is similar (if not identical) to the goods sold, and uses similar (or identical) depictions of the ROC NATION mark, marketed and sold through similar (if not identical) distribution channels to the same consumer market as the sale, advertising, and promotion of the goods by RNAG prior to expiration of the ██████████.

152.    Any sale, promotion, or other use of the ROC NATION mark by RNAG after July 1, 2016 in Class 25 or in violation of the ██████████ during its term constitutes unauthorized use and thus infringement.

153.    Even before July 1, 2016, the sale of ROC NATION Apparel infringed on Studio IP's ROC NATION marks as RNAG sold, offered for sale, designed, manufactured and/or promoted and advertised ROC NATION Apparel that was not approved by Studio IP, or sold through channels that were not approved by Studio IP, as required by the ██████████. Such extra-contractual use constitutes infringement by RNAG.

154.    None of the remaining Defendants were ever authorized licensees of the ROC NATION mark in Class 25, and any attempted assignment by RNAG of the ROC NATION mark in Class 25 prior to ████████ would have been void *ab initio* under ██████████ ████.

155.    Plaintiffs have no adequate remedy at law for such infringement of the ROC NATION mark in Class 25 in that the: (i)  ROC NATION mark, and the goodwill associated

521949.00667/105584627v.2

therewith, is unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) damages to Plaintiffs resulting from the infringement are not precisely and fully ascertainable; (iii) infringement injures and threatens to continue to injure Plaintiffs' business reputations and goodwill and the reputation, standing, and goodwill associated with the ROC NATION mark in Class 25 as controlled by Iconix and Studio IP, as well as the goodwill and standing of the other Iconix brands; (iv) damage resulting to Plaintiffs from such wrongful conduct, and the conduct itself, are continuing, and Plaintiffs would be required to bring a multiplicity of suits to achieve full redress for the injuries caused thereby; (v) Plaintiffs have no quality or other control over the ROC NATION mark as it is being used by Defendants; and (vi) conduct effectively usurps distribution channels and market share from Studio IP, the owner of the ROC NATION Class 25 mark, which is harm that cannot be easily ascertained, and is continuing.

156.   Unless restrained, such infringement of the ROC NATION mark in Class 25 will continue to cause irreparable injury to Plaintiffs, both during the pendency of this action and thereafter, by damaging Plaintiffs' rights in the ROC NATION mark including Studio IP's ability to engage in quality control over the mark's use.

157.   Plaintiffs are therefore entitled to an order from this Court permanently enjoining RNAG, RAG, RNLLC, and/or John Does and their agents, employees, and others acting in concert with them from directly or indirectly infringing the mark in any manner, or causing or acting in concert with others to do the same, including by using any name, mark, design, or logo that is confusingly similar to the ROC NATION mark in Class 25 in connection with the ROC NATION Apparel and in connection with the sale, offer for sale, advertising, manufacturing, distribution, or promotion of any goods or services bearing such mark in Class 25; and directing RNAG and/or

521949.00667/105584627v.2

RAG and/or their affiliates and subsidiaries to cease use of the Roc Nation Website or transfer ownership and/or control of the same, including the URL, to Studio IP.

158.    Plaintiffs are further entitled to recover damages sustained in consequence of RNAG, RAG, RNLLC, and/or John Does' wrongful conduct, in an amount to be determined at trial; to recover RNAG, RAG, RNLLC, and/or John Does' profits; and to recover Plaintiffs' attorneys' fees and other costs herein.

159.    Based upon the circumstances of the Defendants' actions, including the willful nature of RNLLC, RNAG, RAG, and John Does' conduct, Plaintiffs are further entitled to recover actual and consequential damages, including attorneys' fees and costs.

160.    Based upon such conduct as described herein, Studio IP and Iconix are entitled to injunctive relief as well as monetary damages in an amount not less than $10 million, and other remedies including profits, punitive damages, attorneys' fees, costs, and prejudgment interest.

**SECOND CAUSE OF ACTION**
**(Common Law Trademark Infringement Against**
**All Defendants (Except Carter): New Era Caps)**

161.    Plaintiffs replead, reallege, and incorporate herein by reference the allegations in all of the proceeding and subsequent paragraphs as if set forth in full.

162.    Iconix, through Studio IP and/or Studio DE and their respective licensee(s), have continuously used ROC NATION in Class 25 in interstate commerce since at least July 1, 2013. Studio IP applied in September 2013 for registration of the ROC NATION mark with the U.S.P.T.O., which registration is pending and imminent.

163.    Defendants all times relevant were aware that Iconix directly or through Studio IP owned ROC NATION in Class 25 (and other Classes) and applied to register ROC NATION in Class 25, among other Classes.

521949.00667/105584627v.2

164.    New Era, as early as July 2015 and perhaps earlier, was aware and knew that ROC NATION was controlled and owned, at least in Class 25, for international use by Iconix and Studio IP.

165.    New Era and Iconix negotiated in 2015 a proposed license agreement for hats bearing the ROC NATION name and mark for proposed sale in Canada, Europe, Asia, Africa, Latin America, and other places.

166.    New Era knew, understood, and accepted, at least as of July 2015, that Studio IP (through its negotiations with Iconix) owned and controlled ROC NATION for at least baseball hats and caps, and other Class 25 products, and that Studio IP licensed ROC NATION to RNLLC for the United States.

167.    Studio IP was not consulted, was not made aware, and did not consent to the use of the ROC NATION mark on the New Era Caps or use of the ROC NATION mark in connection with any other mark including the paper plane logo, the MLB trademarks, or the trademarks of any Major League Baseball team.

168.    Any sale, promotion, or other use of the ROC NATION mark by RNAG after July 1, 2016 in Class 25 constitutes unauthorized use, and thus infringement.

169.    Even before July 1, 2016, sale of the New Era Caps infringed on Studio IP's ROC NATION marks as RNAG sold, offered for sale, designed, manufactured, and/or promoted the New Era Caps that were not approved by Studio IP, or sold through channels that were not approved by Studio IP, as required by the ███████████. Such extra-contractual use constitutes infringement by RNAG.

170.    None of the remaining Defendants were ever authorized licensees of the ROC NATION mark in Class 25, and any attempted assignment by RNAG to license the ROC NATION

521949.00667/105584627v.2

mark in Class 25 prior to July 1, 2016 would have been void *ab initio* under ██████████ ████.

171.    Defendants (except Carter) have, individually and/or collectively, engaged in knowing and intentional, direct or contributory infringement manufacturing, selling, offering, advertising, promoting, retailing, selling, and distributing, and/or offering to do any of the same, with respect to the New Era Caps bearing the ROC NATION mark.

172.    RNLLC and RNAG's acts, including conveying, licensing, or authorizing the ROC NATION mark to New Era and/or MLB for the New Era Caps, have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the ROC NATION mark in Class 25, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

173.    New Era, RNLLC, RAG, RNAG, and/or John Does willfully infringed the ROC NATION mark because they knew of Studio IP's ownership of the ROC NATION mark (either through direct Studio IP dealings or dealings with Iconix) for Class 25 goods.

174.    Through the aforementioned infringement, Defendants (other than Carter) are using a copy, counterfeit, reproduction, or colorable imitation of the ROC NATION mark in Class 25 in a manner that is likely to confuse, deceive, and/or cause mistake among consumers (and has caused such confusion, mistake, and/or deceit) as to the source of the ROC NATION mark in Class 25, as to the source of the New Era Caps, and as to the relationship between ROC NATION and New Era, MLB, and various Major League baseball teams whose marks are comingled with the ROC NATION mark on the New Era Caps.

175.    RNLLC, RAG, and/or RNAG's (or John Does') egregious and intentional use of Plaintiffs' ROC NATION mark to build and gain prestige for their own name and brand, and the licensing of the mark and sale of goods bearing ROC NATION in Class 25, has caused confusion

521949.00667/105584627v.2

and is likely to continue to cause further confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers and sellers, including Defendants New Era, SF Giants, MLB, and/or Lids, who believe that the goods they are purchasing are authentic and properly bear the ROC NATION mark or are authorized by Plaintiffs or are approved by Plaintiffs.

176.    Lids and New Era have engaged in contributory infringement by selling the New Era Caps.

177.    SF Giants approved, authorized, or consented to their logo and trademark being used on the SF Giants New Era Caps and are infringing or contributorily infringing the ROC NATION mark.  SF Giants receive or will receive payments and royalties from MLB for the New Era Caps.

178.    Defendants (other than Carter) have used and are using the ROC NATION mark to market and promote the New Era Caps, and by appending the ROC NATION name and logo to the New Era Caps (and perhaps other products intended to be sold), utilizing the ROC NATION name and logo, have seized upon and are seizing upon the strength of the Iconix and Studio IP mark to build Defendants' name and reputation alongside a mark owned by Studio IP, and to increase sales and profits.

179.    As a result of these infringing acts, Plaintiffs have no adequate remedy at law for such infringement of the ROC NATION mark in Class 25 in that the: (i)  ROC NATION mark, and the goodwill associated therewith, is unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) damages to Plaintiffs resulting from the infringement are not precisely and fully ascertainable; (iii) infringement injures and threatens to continue to injure Plaintiffs' business reputations and goodwill and the reputation, standing, and goodwill associated with the ROC NATION mark in Class 25 as controlled by Studio IP, as well

521949.00667/105584627v.2

as the goodwill and standing of the other Iconix brands; (iv) damage resulting to Plaintiffs from such wrongful conduct, and the conduct itself, are continuing, and Plaintiffs would be required to bring a multiplicity of suits to achieve full redress for the injuries caused thereby; (v) Plaintiffs have no quality or other control over the ROC NATION mark as it is being used by Defendants; and (vi) conduct effectively usurps distribution channels and market share from Studio IP, the owner of the ROC NATION Class 25 mark, which is harm that cannot be easily ascertained.

180.   Unless restrained, such infringement of the ROC NATION mark in Class 25 will continue to cause irreparable injury to Plaintiffs, both during the pendency of this action and thereafter, by damaging Plaintiffs' rights in the ROC NATION mark including Studio IP's ability to engage in quality control over the mark's use.

181.   Plaintiffs are therefore entitled to an order from this Court permanently enjoining RNAG, RAG, RNLLC, and/or John Does and their agents, employees, and others acting in concert with them from directly or indirectly infringing the mark in any manner, or causing or acting in concert with others to do the same, including by using any name, mark, design, or logo that is confusingly similar to the ROC NATION mark in Class 25 in connection with the New Era Caps or in connection with the sale, offer for sale, advertising, manufacturing, distribution, or promotion of any goods or services bearing such mark in Class 25, and directing Defendants to take steps to remove any products that so infringe Plaintiffs' ROC NATION mark to be removed from the marketplace.

182.   Plaintiffs are further entitled to recover damages sustained in consequence of RNAG, RAG, RNLLC, and/or John Does' wrongful conduct, in an amount to be determined at trial; to recover RNAG, RAG, RNLLC, and/or John Does' profits; and to recover Plaintiffs' attorneys' fees and other costs herein.

521949.00667/105584627v.2

183.    Such relief is appropriate because Defendants have commercially distributed, promoted, marketed, and sold the New Era Caps and/or, depending upon the Defendants' relative conduct, ROC NATION Apparel, which bears the ROC NATION mark owned by Studio IP, promoting the New Era Caps as special edition hats because they bear the ROC NATION name and mark owned by Studio IP.

184.    Based upon such conduct, Studio IP is entitled to injunctive relief as well as monetary damages in an amount not less than $10 million, and other remedies including profits, punitive damages, attorneys' fees, costs, and prejudgment interest.

### THIRD CAUSE OF ACTION
**(Against All Defendants Except Carter for False Designation of Origin,
Passing-Off & Unfair Competition (15 U.S.C. § 1125(a)/Lanham Act § 43(a))**

185.    Plaintiffs replead, reallege, and incorporate herein by reference the allegations in all of the preceding and subsequent paragraphs as if set forth in full.

186.    Plaintiffs have standing to maintain an action for false designation of origin, passing-off, and unfair competition under Lanham Act § 43(a), 15 U.S.C. § 1125 as the owner of the ROC NATION mark in Class 25.

187.    Defendants (except Carter in this Third Cause of Action) have, without authorization, on or in connection with goods, made false designations of origin that are likely to cause confusion or mistake or to deceive as to affiliation, connection, or association of Studio IP's mark, ROC NATION in Class 25, and/or as to the origin, sponsorship, association or approval of goods or commercial activities bearing the mark ROC NATION in Class 25.

188.    These representations have been made in interstate commerce as the ROC NATION Apparel and New Era Caps are advertised and sold in multiple states and available for shipment via the internet in multiple states.

521949.00667/105584627v.2

189.    The acts of Defendants alleged herein, including the use of the ROC NATION mark in Class 25, are likely to cause confusion; cause mistake; or to deceive as to the affiliation, connection, or association of Defendants' products with Plaintiffs, or as to the sponsorship or approval of Defendants' goods or commercial activities by Plaintiffs.

190.    Defendants' actions further misrepresent the nature, characteristics, or qualities of Defendants' goods or commercial activities.

191.    New Era, MLB, and SF Giants have commingled or allowed to be commingled their logos and trademarks with the ROC NATION mark on the New Era Caps, falsely designating the ROC NATION mark along their marks.

192.    RNAG, RNLLC, RAG, and/or John Does have commingled their names, marks, and logos with ROC NATION in the ROC NATION Apparel, diluting the ROC NATION mark to the detriment of Plaintiffs.  These Defendants falsely designate the ROC NATION mark as the marks of RNAG, RAG, and/or RNLLC, and falsely indicate an endorsement by, and association with, the Plaintiffs for the unauthorized ROC NATION Apparel.

193.    New Era, Lids, SF Giants, RNAG, RNLLC, RAG, and/or John Does have commingled their names, marks, and logos with ROC NATION in the New Era Caps, diluting the ROC NATION mark to the detriment of Plaintiffs.  These Defendants falsely designate the ROC NATION mark as their mark or being associated with their marks, and falsely indicate an endorsement by, and association with, the Plaintiffs for the unauthorized New Era Caps.

194.    RNAG, RAG, and/or RNLLC are improperly passing-off the unauthorized ROC NATION Apparel, and New Era, Lids, SF Giants, RNAG, RNLLC, and/or RAG are improperly passing-off the unauthorized New Era Caps as genuine goods authorized by the ROC NATION mark's owner, Studio IP.

521949.00667/105584627v.2

195.     Consumers are likely to be driven to the ROC NATION Apparel and New Era Caps under the mistaken belief that such products are authorized Iconix or Studio IP products or are properly authorized and licensed ROC NATION products, adhering to the standards of quality and design ensured by the ROC NATION Class 25 mark owner, Studio IP.

196.     ROC NATION in Class 25 is a strong (indeed, famous) trademark which is not contested, and cannot be contested by RNAG, RAG, and/or RNLLC pursuant to the terms of the ███████████████ and ████████████████.

197.     The unauthorized marks used by the Defendants in violation of the Lanham Act are identical to the genuine ROC NATION Class 25 mark owned and controlled by Plaintiffs and are sold through similar (if not identical) distribution channels as authorized products advertised, marketed, and sold by Plaintiffs and/or their licensees under the identical mark.

198.     The consumers of the ROC NATION Apparel are not likely to invest the time to discern between genuine authorized products and unauthorized products bearing unauthorized use of the ROC NATION mark given the relatively low price point and consumer investment costs of ROC NATION Apparel products versus other commercial goods.

199.     The likelihood of confusion is inherently higher because RNAG is a holdover licensee of the ROC NATION mark in Class 25, and thus RNAG's continued promotion and sale of the products through similar distribution channels creates the inherent danger of consumer confusion.

200.     Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct of Defendants in that: (i) Defendants' actions damage and threaten to continue to damage Plaintiffs' unique and valuable intellectual property (and Plaintiffs' control over their marks and intellectual property) and business reputation, injury which cannot adequately be compensated by monetary

521949.00667/105584627v.2

damages; (ii) damages to Plaintiffs from Defendants' wrongful actions are not precisely and fully ascertainable; (iii) wrongful acts of Defendants injure and threaten to continue to injure Plaintiffs' reputation and goodwill and market share; and (iv) damage resulting to Plaintiffs from Defendants' wrongful conduct, and the conduct itself, is continuing, and Plaintiffs would be required to bring a multiplicity of suits to achieve full compensation for the injuries caused thereby.

201.   Unless restrained, the foregoing wrongful acts of Defendants will continue to cause irreparable injury to Plaintiffs, both during the pendency of this action and thereafter.  Plaintiffs are therefore entitled to an order from this Court permanently enjoining Defendants and their agents, employees, and others acting in concert with them, from directly or indirectly: (i) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product which tends to relate or connect such products of Plaintiffs or which displays the ROC NATION mark in Class 25 in any way not authorized by Studio IP, including the New Era Caps and ROC NATION Apparel; (ii) using any mark that is confusingly similar to the ROC NATION mark in Class 25; and/or (iii) making any false description or representation of origin concerning any goods offered for sale by Defendants.

202.   Plaintiffs are further entitled to recover damages sustained in consequence of Defendants' wrongful conduct, including disgorgement of Defendants' profits from unauthorized use and appropriation of the ROC NATION mark, in an amount to be determined at trial, and to recover their attorneys' fees and costs herein, including as provided for under 15 U.S.C. § 1117 (Lanham Act § 35).

203.   The conduct of RNLLC, RAG, and RNAG (and any John Doe under its/their control) has been knowing, deliberate, willful, intended to cause confusion, intended to cause mistake, and intended to deceive, and in blatant disregard of Studio IP's rights under the Lanham

521949.00667/105584627v.2

Act, common and state law, the ████████ and ████████, and Studio IP's protected intellectual property rights.

204.    Defendants knew or by the exercise of reasonable care should have known that the manufacture, sale, advertising, marketing, and promotion of the New Era Caps and ROC NATION Apparel bearing the ROC NATION mark clearly owned by Studio IP, including such use of the mark in interstate commerce, and continuing use, infringes upon Studio IP's mark and is confusingly similar to and constitutes a reproduction of the ROC NATION mark in Class 25, and is likely to cause confusion, mistake, or deception among purchasers and dealers, users, and the public.

205.    RNLLC and/or RAG and/or RNAG's (or John Does under its/their control) intentional use and/or licensing of the ROC NATION mark in Class 25 that is confusingly similar to and constitutes a reproduction or infringement of Studio IP's ROC NATION mark in Class 25, and which adopts Plaintiffs' mark, ROC NATION, unfairly competes with Plaintiffs and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers and sellers to believe that the New Era Caps and ROC NATION Apparel are genuine Iconix products or are endorsed, approved or authorized by Plaintiffs.

206.    Defendants' conduct, including false designation of origin, passing-off, and unfair competition in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a), has caused Plaintiffs to suffer substantial and irreparable injury for which they have no adequate remedy at law.

207.    Defendants' conduct has permitted or will permit Defendants to earn substantial sales and profits on the strength of Studio IP's mark, ROC NATION, and the strength of Studio IP's name, reputation, standing in the retail community through its portfolio of brands, marketing, advertising, sales, and consumer and trade recognition.

521949.00667/105584627v.2

208.    Manufacture, sale, distribution, marketing, promotion, and advertising of the ROC NATION Apparel is a false designation of origin and passing-off of the ROC NATION mark and harms Plaintiffs, rendering such activity a separate claim and liability basis against RNAG, RAG, RNLLC, or John Does, whichever entity, if not all, has engaged in such activities.

209.    As a direct and proximate cause of Defendants' conduct, as alleged herein, Plaintiffs have been and will be deprived of sales of products bearing the ROC NATION mark in Class 25 in an amount not less than $10 million but to be evidenced at trial.  Plaintiffs also have been deprived and will be deprived of the value of their trademark as a commercial asset in an amount as yet unknown but to be determined at trial.

210.    Based upon such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. § 1125(a), including profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

211.    Plaintiffs seek an accounting of Defendants' profits and request that the Court grant Plaintiffs treble damages, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION
**(Trademark Dilution Against All Defendants
Except Carter (15 U.S.C. § 1125(c) / Lanham Act § 43)**

212.    Plaintiffs replead, reallege, and incorporate herein by reference the allegations in all of the preceding and subsequent paragraphs as if set forth in full.

213.    Studio IP's ROC NATION mark in Class 25 is a famous mark as of the date of the filing of this Complaint, pursuant to 15 U.S.C. § 1125(c), and became famous prior to the filing of this Complaint and prior to the commencement of the activities attributed to Defendants in this Complaint.

214.    The ROC NATION mark is distinctive and is recognized among the consuming public throughout the United States as a mark owned or controlled by the Plaintiffs.

521949.00667/105584627v.2

215.    The ROC NATION mark is a derivative mark and part of a family of distinctive marks widely used on products since 2007, and which has been the subject of millions of dollars of advertising and promotional investment.

216.    Plaintiffs have used and continue to use the ROC NATION mark in Class 25 in interstate commerce.

217.    Defendants (except Carter in this Fourth Cause of Action) have made and threaten to continue to make commercial use in commerce of the ROC NATION mark in a manner that causes dilution of the distinctive quality of such mark and lessen the capacity of such mark to identify and distinguish Plaintiffs' goods.

218.    Plaintiffs are entitled to an order from this Court permanently enjoining Defendants, their agents, employees and others acting in concert with them, from directly or indirectly making any further commercial use of the ROC NATION mark in Class 25 or any other names, marks, or logos that are substantially similar to Studio IP's ROC NATION mark for Class 25 use.

219.    Because Defendants have willfully intended to cause dilution of the ROC NATION mark in Class 25, Plaintiffs are further entitled, pursuant to 15 U.S.C. §§ 1117 and 1125(c)(2), to recover all damages sustained as a result of Defendants' unlawful conduct, including: (i) Defendants' profits; (ii) Plaintiffs' damages; (iii) Plaintiffs' costs of suit; and (iv) Plaintiffs' reasonable attorneys' fees.

220.    Such relief is warranted because Defendants' activities as alleged in the Complaint dilute, both by blurring and tarnishment, the distinctive quality of Studio IP's ROC NATION mark in Class 25 in violation of 15 U.S.C. § 1125(c).  Defendants' activities were willful pursuant to 15 U.S.C. § 1125(c)(5)(B).

521949.00667/105584627v.2

221.    The manufacture, sale, distribution, marketing, promotion, and advertising of the ROC NATION Apparel constitutes trademark dilution of the ROC NATION mark and harms Plaintiffs, rendering such activity a separate claim and liability basis against RNAG, RAG, RNLLC, or John Does, whichever entity, if not all, has engaged in such activities causing dilution.

222.    Based upon such conduct, Plaintiffs are entitled to Defendants' profits in an amount not less than $10 million, treble damages pursuant to 15 U.S.C. § 1117(a)(3), and costs and reasonable attorneys' fees.

223.    Defendants activities as described herein have caused irreparable injury and harm and have caused other damages to Plaintiffs' business, reputation, and goodwill in the protected mark, ROC NATION in Class 25, and the other Classes to which Studio IP was conveyed and allocated ROC NATION.

224.    Unless enjoined by the Court, Defendants' infringing activities will continue to dilute Studio IP's ROC NATION mark in Class 25 and cause Plaintiffs irreparable injury and other damage to Iconix and its business, name, reputation, and goodwill in its ROC NATION mark in Class 25.

225.    Based upon such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies, including profits, reasonable attorneys' fees, costs, and prejudgment interest.

226.    Plaintiffs seek an accounting of Defendants' profits and request that the Court grant Plaintiffs treble damages, attorneys' fees, and costs.

**FIFTH CAUSE OF ACTION**
**(Unfair Competition Against All Defendants Except SF Giants)**
**(New York Common Law)**

227.    Plaintiffs replead, reallege, and incorporate herein by reference the allegations in all of the preceding and subsequent paragraphs as if set forth in full.

521949.00667/105584627v.2

228.    By marketing, advertising, promoting, and selling in violation of Studio IP's trademark rights and infringing its ROC NATION mark in Class 25 (and harming such use in other Classes allocated to Studio IP by the ▮▮▮▮▮▮▮▮▮▮) and/or otherwise dealing in the infringing activities, RNLLC, RAG, RNAG, New Era, Carter, MLB, John Does, and Lids have misappropriated the fruits, labors, and expenditures and/or their licensees (which benefits accrue to Plaintiffs), and thus engaged in unfair business practices under New York common law.

229.    Plaintiffs have widely used the ROC NATION mark in the Classes to which it was allocated the mark to identify Iconix's brands and goods.  By virtue of such advertising and use, the ROC NATION mark in Class 25 has come to identify Plaintiffs as the source of goods marketed under the ROC NATION name in Class 25.  Such mark has come to represent valuable goodwill which is owned by Plaintiffs.

230.    Defendants' (other than SF Giants) deliberate use of the ROC NATION mark in Class 25 is without the permission of Plaintiffs, and Defendants' use of the mark constitutes unfair competition, rendering such use unlawful.

231.    By reason of Defendants' (other than SF Giants) above-described unlawful activities, Plaintiffs have sustained injury, damage, and loss, and Defendants have been unjustly enriched.

232.    Plaintiffs have already suffered irreparable harm, and will continue to be irreparably damaged unless this Court enjoins Defendants from continuing their unlawful acts. Plaintiffs have no adequate remedy at law.

233.    Defendants' (other than SF Giants) marketing, advertising, promoting, and selling infringing products and infringing the ROC NATION mark in Class 25 is in violation and derogation of Studio IP's rights and is likely to cause confusion, mistake, and deception among

521949.00667/105584627v.2

consumers and the public as to the source, origin, sponsorship, or quality of the goods of Iconix, which has lost the ability to engage in quality control over the New Era Caps and ROC NATION Apparel, and has no control over the marketing, sale, distribution, promotion, display, or manufacture of goods bearing its ROC NATION mark in Class 25, thereby causing loss, damage, and injury to Plaintiffs and the purchasing public.

234.   Defendants' (other than SF Giants) conduct was intended to cause such loss, damage, and injury.

235.   Defendants (other than SF Giants) knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling, and dealing in and their continuing marketing, advertising, promoting, selling and dealing in the products bearing the ROC NATION mark would cause confusion, mistake, and deception among purchasers, users, and the public.

236.   By marketing, advertising, promoting, selling, and dealing in the goods improperly bearing the ROC NATION mark in Class 25, including the production, marketing, promoting, and sale of the New Era Caps and the ROC NATION Apparel, and the continuing marketing, advertising, promoting, selling, and dealing of these products, Defendants (other than SF Giants) intended to and induced and intends to and will induce customers to purchase New Era Caps and the ROC NATION Apparel by trading off the extensive goodwill acquired and developed by Plaintiffs.

237.   The conduct of such Defendants has been knowing, deliberate, willful, intended to deceive and cause confusion, or to cause mistake, and is in disregard of Studio IP's rights.  As a result, such conduct is in bad faith.

521949.00667/105584627v.2

238.   The manufacture, sale, distribution, marketing, promotion, and advertising of the ROC NATION Apparel constitutes unfair competition of and regarding the ROC NATION mark, and harms Plaintiffs, rendering such activity a separate claim and liability basis against RNAG, RAG, RNLLC, or John Does, whichever entity, if not all, has engaged in such infringement.

239.   Such wrongful conduct as alleged in this Complaint has permitted or will permit Defendants to make substantial sales and profits on the strength of Studio IP's ROC NATION mark in Class 25 and the strength of Iconix's worldwide marketing, advertising, sales, and consumer and trade recognition.

240.   Such conduct further damages the ROC NATION mark and brand in Class 25 by creating confusion in the consumer and trade marketplace as to the origin of the New Era Caps and the ROC NATION Apparel, and contributes to RNLLC, RAG, and/or RNAG (or John Doe entities under its/their control) building a brand on the strength of the ROC NATION mark in Class 25 owned and controlled by Studio IP.

241.   Mr. Jones of RNAG and/or RNLLC in "The Source" magazine (published March 31, 2017: http://thesource.com/2017/03/31/rocnation-lifestyle-specialist-vegas-jones-talks-partnership-with-new-era-x-mlb) boasted that *"our motto"* of the Roc Nation brand is *". . . greatness is a process."*  It turns out, that RNLLC and/or RNAG and or John Does under their direction prefer to take a path of least resistance, rather than a process, by misappropriating the ROC NATION mark in Class 25 instead of developing a different approach to creating new products such as the New Era Caps and ROC NATION Apparel.

242.   As a direct and proximate cause of Defendants' conduct, as alleged herein, Plaintiffs have been and will be deprived of sales of products in an amount not less than $10 million but to be evidenced at trial, and have been deprived and will be deprived of the value of the ROC

NATION mark in Class 25 as a commercial asset in an amount as yet unknown but to be determined at trial.

243.     Plaintiffs seek an order granting to them Defendants' profits stemming from the unfair competition detailed in the Complaint and seek to recover their actual and/or compensatory damages.

244.     Plaintiffs have no adequate remedy at law for Defendants' continuing violation of their rights as set forth above.  Plaintiffs therefore seek permanent injunctive relief.

245.     Plaintiffs seek exemplary or punitive damages for Defendants' intentional misconduct.

### SIXTH CAUSE OF ACTION
**(Unjust Enrichment Against RNLLC, RNAG, RAG, New Era, Carter, and John Does)**
**(New York Common Law)**

246.     Plaintiffs replead, reallege, and incorporate herein by reference the allegations in all of the preceding and subsequent paragraphs as if set forth in full.

247.     Due to the unlawful acts of RNLLC, RAG, RNAG, New Era, Carter and John Does as described in this Complaint, RNLLC, RAG, RNAG, New Era, Carter and John Does have been unjustly enriched in an amount to be evidenced at trial but not less than $10 million.

248.     RNLLC, RAG, RNAG, New Era, Carter, and John Does retained monies gained through deceptive business practices, infringement, acts of deceit, and the claims alleged herein which is unfair and unjust, and has been derived at the expense of Plaintiffs, the owner and controller of the ROC NATION mark, and the portfolio of related and derivative marks and related goodwill associated therewith.  Allowing RNLLC, RAG, RNAG, New Era, Carter, and John Does to retain such monies and benefits would unjustly enrich each of these Defendants and would be contrary to the interests of justice.

521949.00667/105584627v.2

249.    The manufacture, sale, distribution, marketing, promotion, and advertising of the ROC NATION Apparel has caused RNLLC, RAG, RNAG, New Era, Carter, and John Does to become unjustly enriched at the expense of Plaintiffs, rendering such activity a separate claim and liability basis against RNAG, RAG, RNLLC, New Era, or John Does, whichever entity, if not all, has engaged in such activity.

250.    RNLLC, RAG, RNAG, New Era, Carter, and John Does were all aware of Plaintiffs' existence and the relationship of the Plaintiffs to the ROC NATION and related trademarks.

251.    RNLLC, RAG, RNAG, New Era, Carter, and John Does have received a benefit to which they otherwise were not entitled under common law, pursuant to any business arrangement with Plaintiffs, and/or, in the case of ▮▮▮▮, in violation of the ▮▮▮▮▮▮▮▮▮▮, and in the case of ▮▮▮▮, in violation of the ▮▮▮▮▮▮▮▮▮▮, but at Studio IP's expense, and have enjoyed such financial benefit at the expense of Plaintiffs in an amount not less than $10 million.

252.    It would violate equity and good conscience to allow the RNLLC, RAG, RNAG, New Era, Carter, and John Does to retain the benefit of such unjust enrichment at Plaintiffs' expense.

253.    Plaintiffs are entitled to restitution from RNLLC, RAG, RNAG, New Era, Carter, and John Does of any benefits from sale of the New Era Caps and the ROC NATION Apparel.

<u>**SEVENTH CAUSE OF ACTION**</u>
**(Breach of New York General Business Law § 349 - § 350 Against All Defendants)**
**(New York Statutory Law)**

254.    Plaintiffs replead, reallege, and incorporate herein by reference the allegations in all of the preceding and subsequent paragraphs as if set forth in full.

255.    Defendants have engaged in deceptive acts and practices in the conduct of their business by the activities complained of herein, including the contracting, licensing, conveying, or

authorizing New Era, Lids, and/or MLB to manufacture, distribute, sell, market, and promote business and trade, and engage in commerce concerning the New Era Caps that bear Studio IP's ROC NATION mark.

256.     Defendants RNLLC, RAG, RNAG, New Era, and/or John Does have engaged in deceptive acts and practices in the conduct of their business by the activities complained of in this pleading, including the manufacture, sale, advertising, and distribution of the ROC NATION Apparel which bears Studio IP's ROC NATION mark.

257.     New Era, MLB, Lids, SF Giants, and John Does (such entities known to RNLLC, RAG, RNAG, and/or Carter) have engaged in deceptive acts and practices in the conduct of their business by contracting, licensing, selling, displaying, marketing, and promoting the New Era Caps that bear Studio IP's ROC NATION mark.  These Defendants have engaged in other deceptive practices as alleged in this pleading.

258.     Defendants falsely advertise that the New Era Caps and, with regard to RNLLC, RNAG, RAG, and/or John Does, the ROC NATION Apparel, is associated with them as a mark and brand to the exclusion of Plaintiffs.

259.     Defendants' commercial use of the ROC NATION mark in Class 25 represents a deliberate attempt to mislead consumers because Defendants are causing a likelihood of confusion or misunderstanding as to Defendants' goods, which creates a likelihood of confusion between Plaintiffs' and Defendants' products, creating misunderstandings of the source of Defendants' products as being Plaintiffs' products.

260.     By engaging in such false and misleading advertising, promotion, sale, and activities, Defendants have engaged in deceptive acts and business practices in violation of New

521949.00667/105584627v.2

York General Business Law § 349, and false advertising in violation of New York General Business Law § 350.

261.    By reason of Defendants' above-described unlawful activities, Plaintiffs have sustained injury, damage, and loss, and Defendants have been unjustly enriched.

262.    Plaintiffs have already suffered irreparable harm, and will continue to be irreparably damaged unless this Court enjoins Defendants from continuing their unlawful acts. Plaintiffs have no adequate remedy at law.

263.    The actions of the Defendants as herein pleaded do not comply with the rules and regulations of, and the statutes administered by, the Federal Trade Commission or any official department, division, commission or agency of the United States or the State of New York.

264.    The manufacture, sale, distribution, marketing, promotion, and advertising of ROC NATION Apparel harms the ROC NATION mark and harms Plaintiffs, rendering such activity a separate claim and liability basis against RNAG, RAG, RNLLC, or John Does, whichever entity has engaged in such activities, if not all.

265.    Plaintiffs have been injured by reason of Defendants' violation of New York General Business Law §§ 349 and 350, and seek to enjoin such unlawful acts and practices.

266.    Plaintiffs have been injured by Defendants' violation of New York General Business Law §§ 349 and 350, and seek money damages for the harm suffered by Plaintiffs in an amount not more than the statutory amount (actual damages sustained by Plaintiffs) that may be recovered, but as to be determined at trial.

267.    Plaintiffs are entitled under New York General Business Law § 349 to treble damages for Defendants' willful and knowing violation of this statute.  Plaintiffs also are entitled to their reasonable attorneys' fees and treble damages under the statute.

521949.00667/105584627v.2

268.     Plaintiffs are entitled under the statutes to enjoin such continued and future conduct by Defendants.

## EIGHTH CAUSE OF ACTION
**(Breach of New York General Business Law § 360-l against All Defendants except Carter)**

269.     Plaintiffs replead, reallege, and incorporate herein by reference the allegations in all of the preceding and subsequent paragraphs as if set forth in full.

270.     By virtue of Plaintiffs' continuous use of the ROC NATION mark in Class 25 since 2013, the mark has become and continues to be "truly distinctive" within the meaning of New York General Business Law § 360-l.

271.     Defendants (except Carter in this Eighth Cause of Action) have made and continue to make commercial use in commerce of the ROC NATION mark in Class 25 in a manner that causes dilution of the distinctive quality of such mark, and lessens the capacity of such mark to identify and distinguish Plaintiffs' goods.

272.     Plaintiffs are entitled to an order from this Court permanently enjoining Defendants, their agents, employees, and others acting in concert with them, from directly or indirectly making any further commercial use of the ROC NATION mark in Class 25, or any other names, marks, or logos that are substantially similar thereto.

273.     Plaintiffs have been injured by reason of Defendants' violation of New York General Business Law § 360-l, and seek to enjoin such unlawful acts and practices.

274.     Plaintiffs have been injured by Defendants' violation of New York General Business Law § 360-l, and seek money damages for the harm suffered by Plaintiffs in an amount not more than the statutory amount that may be recovered, but as to be determined at trial.

275.    RNAG and/or RAG and/or RNLLC and/or John Does have violated General Business Law § 360-l through infringement, sale, distribution, marketing, licensing, promotion, and other activities with regard to ROC NATION Apparel.

276.    Plaintiffs have suffered an injury to their business reputation and dilution of the distinctive quality of the ROC NATION mark.

277.    Plaintiffs are entitled under New York General Business Law § 360-l to injunctive relief for Defendants' violation of this statute.   Plaintiffs also are entitled to their reasonable attorneys' fees under the statute.

## NINTH CAUSE OF ACTION
### (Accounting Against All Defendants)

278.    Plaintiffs replead, reallege, and incorporate herein by reference the allegations in all of the preceding and subsequent paragraphs as if set forth in full.

279.    Plaintiffs are entitled under New York law to an accounting from each Defendant of the sales and profits associated with the New Era Caps, and such accounting shall be ordered by the Court without the need for any professional to be accompanied by Plaintiffs during such accounting.

280.    Plaintiffs are entitled under New York law for an accounting from RNAG, RAG, RNLLC, and/or John Doe Defendants, depending upon which entity engaged upon the ROC NATION Apparel unlawful sales and marketing, for all sales and profits associated with the ROC NATION Apparel sales.

281.    Defendants are required under New York law to provide the accounting on their own and at Defendants' cost and expense.

521949.00667/105584627v.2

282.    Plaintiffs are entitled to a full and complete accounting for the New Era Caps and ROC NATION Apparel sales and profits, and costs attendant thereto, for all sales from the inception of the New Era Caps and ROC NATION Apparel through trial.

283.    Plaintiffs are entitled to a full and complete accounting of Defendants' sales of goods and products that have infringed Studio IP's ROC NATION mark in Class 25 from inception of the New Era Caps and ROC NATION Apparel to the present.

## TENTH CAUSE OF ACTION
### (Tortious Interference with Contract against Carter)

284.    Plaintiffs replead, reallege, and incorporate herein by reference the allegations in all of the preceding and subsequent paragraphs as if set forth in full.

285.    Carter knew and was aware of the , and thereafter directed and induced RNLLC and/or RAG and/or RNAG that he controls directly or indirectly to enter a contract with MLB and/or New Era and/or sub-license the ROC NATION mark without authority, which Carter knew breached RNLLC, RAG, and/or RNAG's respective obligations under the ███████████████, and/or ███████████████.

286.    Carter directed the contract between New Era and/or RNLLC and/or RNAG and/or MLB for the New Era Caps knowing that no such Defendant controlled or had any right to the ROC NATION mark in Class 25 for the New Era Caps.

287.    Carter tortiously and intentionally interfered with the ███████████ by authorizing or allowing the New Era Caps business to be born and the ROC NATION Apparel to be sold at his direction or approval, tortiously interfering with the ███████████, and/or the ███████████.

288.    Carter knew or should have known that no Defendant entity had a right to use the ROC NATION name, logo, or brand in association with Class 25 products and in association with

521949.00667/105584627v.2

the New Era Caps or ROC NATION Apparel pursuant to the ███████████████, and/or the ██████████████.

289.    As result of such breaches, induced by Carter, Plaintiffs have been damaged in an amount to be discerned at trial, but not less than $10 million as a result of Carter's tortious interference with contract.

**ELEVENTH CAUSE OF ACTION**
**(Tortious Interference with Prospective Economic**
**Relations Against RNAG, RAG, RNLLC, and Carter)**

290.    Plaintiffs replead, reallege, and incorporate herein by reference the allegations in all of the preceding and subsequent paragraphs as if set forth in full.

291.    Since July 2015, New Era and Iconix have maintained a business relationship for the purpose of exploration and negotiation of a global licensing agreement for the ROC NATION brand in International Class 25.

292.    In 2015, New Era and Iconix/Studio IP negotiated a proposed license agreement for hats bearing the ROC NATION name and mark for proposed sales in Canada, Europe, Asia, Africa, Latin America, and other places.

293.    A possible worldwide licensing deal was also part of the prospective economic advantage considered and potentially realized by Iconix/Studio IP for the period of time following July 1, 2016.

294.    RNLLC, RAG, Carter, RNAG (as Studio IP's licensee), and any other John Doe entity owned or controlled by RNLLC, RAG, RNAG, and/or Carter and/or companies controlled by them, at all times relevant, were aware of these negotiations.

295.    RNLLC, RAG, Carter, RNAG (as Studio IP's licensee), and any other John Doe entity owned or controlled by RNLLC, RAG, RNAG, and/or Carter and/or companies controlled by them, at all times relevant, fraudulently misrepresented to New Era that one or more of them

Page 54 of 65

had the license rights to use, or authority to use, the ROC NATION mark in Class 25, including for the period of time following July 1, 2016.  These representations to New Era were made for the purpose of inducing reliance by New Era to agree to launch the New Era Caps.

296.   New Era relied upon these misrepresentations of ownership by entering into an agreement with RNLLC, RAG, Carter, RNAG and/or John Does to manufacture, distribute, sell, and promote the New Era Caps as part of its license arrangement with MLB.

297.   The foregoing arrangement usurped Plaintiffs' known economic relationship with New Era and the prospects for a global licensing deal of the identical ROC NATION mark in Class 25.

298.   As a direct and proximate result of such acts, Plaintiffs have been damaged in an amount to be discerned at trial, but not less than $10 million.

## TWELFTH CAUSE OF ACTION
### (Breach of Contract Against RNAG)

299.   Plaintiffs replead, reallege, and incorporate herein by reference the allegations in all of the preceding and subsequent paragraphs as if set forth in full.

300.   The Term of the █████████████ (defined at █████████████ therein) expired █████████████, but RNAG has continued to use or authorize the use of the ROC NATION mark █████ to RNAG pursuant to the █████████████.

301.   The █████████████ provides at the █████████████ that Studio IP is █████████████████████████████████████████████████████████████████████████████ █████

302.   █████████████████████████████████████████ █████████████████████████████████████████████████████████████████████

521949.00667/105584627v.2



303. ████████████████████████████████████████

████████████████████

304. ████████████████████████████████████████

█████████████████████████████████████████n.

305. ████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

306. ████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████

307. ████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████.

308. ████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████

309. ████████████████████████████████████████

████████████████████████████████████

310.　████████████████████████████████████████

████████████████████████████████████████████

311.　████████████████████████████████████████

████████████████████

312.　████████████████████████████████████████

████████████████████████████████████████████

████

313.　████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

314.　████████████████████████████████████████

████████████████████████████████████████████

████████████████████

315.　RNAG and/or RAG and/or RNLLC and/or John Does continue to use or authorize the use through contract or apparent authority or permission the ROC NATION mark or a ████████████████████████ in connection with the New Era Caps and the ROC NATION Apparel.

316.　████████████████████████████████████████

████████████████████████████████

317.　████████████████████████████████████████

██████████████████████████

318.　████████████████████████████████████████

████████████████████████████████████████████

521949.00667/105584627v.2



319.

320.

321.    New York law provides that the continued use by a party of a licensed trademark after the license agreement terminates or expires constitutes a breach of contract.

322.    RNAG's use (and/or RNLLC and/or John Does or others at their direction) of the ROC NATION mark with regard to the New Era Caps and/or its license or contract with New Era/MLB creates confusion as a matter of law.

323.    RNAG's use (and/or RNLLC and/or John Does or others at their direction) of the ROC NATION mark with regard to the ROC NATION Apparel and/or its license or contract with manufacturers or parties concerning the ROC NATION Apparel creates confusion as a matter of law.

324.    RNAG ███████████████████████████████████████ bypassed Studio IP and continues to use or authorize the use (or conveyed such use or authority to use) of the ROC NATION mark with regard to the New Era Caps and/or the ROC NATION Apparel,

521949.00667/105584627v.2

resulting in non-genuine and infringing goods because Studio IP is deprived of the opportunity, among other things, to exercise quality control.

325.     RNAG breached the ██████████████ by using or authorizing others to use the ROC NATION mark in connection with the New Era Caps and in connection with the ROC NATION Apparel beyond the term and scope of the ████████████ and in violation of the express obligation to discontinue such use at the end of the ████████████ term.

326.     RNAG breached the ██████████████ by failing to ████████ ROC NATION mark and by ████████████████████ in connection with the New Era Caps and the ROC NATION Apparel, and by not ██████████████████████████.

327.     ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████

328.     ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████

329.     RNAG is obligated to indemnify Studio IP for the costs and fees, including attorneys' fees, incurred by Studio IP in ████████████████ the ROC NATION mark from such third-party use, and for any damages sustained by Studio IP as a result of such breach of ██ ██████████████.

330.     As a direct and proximate result of such breaches, Studio IP, Iconix as a third-party beneficiary, and Icon DE, as a successor-in-interest under the ████████████, have been

521949.00667/105584627v.2

damaged in an amount to be discerned at trial but ████████████████████████████ ██████ and for ████████████████████████ ROC NATION Apparel sales after expiration of the ████████████ and not less than $10 million as a result of RNAG's breach of the ████████████. Studio IP is entitled to an injunction preventing such further breach of the ████████████.

### THIRTEENTH CAUSE OF ACTION
**(Breach of Implied Covenant of Good Faith and Fair Dealing Against RNAG)**

331.    Plaintiffs replead, reallege, and incorporate herein by reference the allegations in all of the preceding and subsequent paragraphs as if set forth in full.

332.    In every contract under New York law there is an implied covenant of good faith and fair dealing.

333.    Pursuant to ██████ of the ████████████████████, the ████████ ████████ is governed by New York law, and thus RNAG had an implied covenant to not fundamentally rob Studio IP of the benefit of the bargained-for license.

334.    RNAG robbed Studio IP of the license limitations and restrictions by operating, through closely-held third party companies owned or controlled by (or under common ownership with) RNAG (including, without limitation, RAG, RNLLC, and John Does) in a way to improperly benefit RNAG, to enable RNAG and/or such parties to have unfettered and unauthorized use of the ROC NATION mark in Class 25 in violation of Studio IP's rights and to undermine the validity, enforceability, and marketability of the ROC NATION mark in Class 25 by Studio IP.

335.    Such breach is different and separate from the breach of the ████████████, especially given that RNAG abused the ████████████ to benefit RNAG or RNLLC or RAG or other Carter-controlled entities to the exclusion of Plaintiffs and Plaintiffs' ROC NATION mark.

521949.00667/105584627v.2

336. RNAG's interpretation of the ██████████ strains credibility in that it is construed to pass or convey to RNAG, and authorize commercial use of the ROC NATION mark in the New Era Caps and ROC NATION Apparel, such use contrary to the intended purpose of the ██████████.

337. As a result of such breaches, Plaintiffs have been directly and consequentially damaged and Studio IP is entitled, and RNAG is liable for, damages in an amount to be determined at trial, but not less than $8 million.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand that a judgment be entered against Defendants and their respective business and commercial partners, agents, employees, and any and all persons in active concert or participation with Defendants, including their affiliates, subsidiaries, successors, and related entities, and any person or entity acting under their supervision, direction, control, or on behalf of any of the Defendant from (i) engaging in the marketing, promotion, offering, rendering, sale, or other use in commerce of any product in Class 25 bearing the name, image, or likeness of ROC NATION or confusingly similar marks; (ii) assisting, aiding, abetting, acting in concert with, or helping any other person or entity in the marketing, promotion, offering, rendering, or sale or other use in commerce of any products in Class 25 bearing the ROC NATION mark, confusingly similar marks, or its image or likeness; (iii) using or depicting or authorizing others to use or depict the ROC NATION mark in any confusingly similar way in Class 25 products; (iv) engaging in any advertising, marketing, or promotion, including online and through social media, which may deceive the public as to the origin of ROC NATION for Class 25 goods or in a way which indicates ROC NATION originated or originates with any of the Defendants; (v) using the ROC NATION mark in any manner which dilutes ROC NATION in Class 25; (vi) engaging in any continued sales or marketing, advertising, or promotion of ROC NATION Apparel and New

521949.00667/105584627v.2

Era Caps, and removing such products from stores, shelves, inventory, and places of sale; and (vii) representing by any means, directly or indirectly, or doing any act or thing intended or calculated or likely to cause confusion, mistake, or to deceive the public into believing that any of Defendants' goods in Class 25, in stores, websites, in advertising, marketing, or promotion originated or originates with any party other than Plaintiffs, and otherwise from competing unfairly with Plaintiffs.  Specifically, Plaintiffs demand relief as follows:

A.     On the First Cause of Action for Common Law Trademark Infringement in connection with the ROC NATION Apparel against RNAG, RAG, RNLLC, and John Does, for injunctive relief and for damages, including profits of Defendants and the costs of the action including attorneys' fees and punitive damages;

B.     On the Second Cause of Action for Common Law Trademark Infringement in connection with the New Era Caps against all Defendants except Carter, for injunctive relief and for damages, including profits of Defendants and the costs of the action including attorneys' fees and punitive damages;

C.     On the Third Cause of Action for False Designation of Origin, Passing-Off, and Unfair Competition under Lanham Act § 43(a) (15 U.S.C. § 1125(a)) against all Defendants except Carter, for injunctive relief (15 U.S.C. § 1116 and § 1125(c)(5)) and for damages (15 U.S.C. § 1117(a)), including profits of Defendants, and compensatory damages sustained by Plaintiffs and the costs of the action including attorneys' fees;

D.     On the Fourth Cause of Action for Trademark Dilution Against All Defendants except Carter, for injunctive relief (15 U.S.C. § 1116 and § 1125(c)(5)) and for damages (15 U.S.C. § 1117(a)), including treble damages and profits of Defendants and the costs of the action including

521949.00667/105584627v.2

attorneys' fees, and, as against RNLLC, RAG, RNAG, New Era, and John Does for their willful violation of 15 U.S.C. § 1125(c), the damages suffered by Plaintiffs;

E.      On the Fifth Cause of Action for Unfair Competition against all Defendants Except SF Giants, for injunctive relief and for damages, including profits of Defendants and the costs of the action including attorneys' fees;

F.      On the Sixth Cause of Action for Unjust Enrichment against all Defendants for damages, including profits of Defendants and the costs of the action including attorneys' fees;

G.      On the Seventh Cause of Action for Breach of N.Y. General Business Law §§ 349-350 against all Defendants for injunctive relief and for damages, including profits of Defendants and the costs of the action including attorneys' fees; Plaintiffs are also entitled to treble damages for breach of these statutes;

H.      On the Eighth Cause of Action for Breach of N.Y. General Business Law § 360-l against all Defendants (except Carter) for injunctive relief;

I.      On the Ninth Cause of Action for an Accounting against all Defendants for, respectively, the New Era Caps and ROC NATION Apparel sales and profits and attendant costs of sales and profits;

J.      On the Tenth Cause of Action for Tortious Interference with Contract against Carter, for damages, including profits of Defendants and the costs of the action including attorneys' fees;

K.      On the Eleventh Cause of Action for Tortious Interference with Prospective Business Advantage against RNAG, RAG, RNLLC, and John Does, for damages, including profits of Defendants and the costs of the action including attorneys' fees;

521949.00667/105584627v.2

L.      On the Twelfth Cause of Action for Breach of Contract against RNAG, for damages as alleged under such claim, including profits of RNAG for the sale of ROC NATION Apparel and for the sale of the New Era Caps, and the costs of the action including attorneys' fees; and

M.      On the Thirteenth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing against RNAG, for direct and consequential damages, the costs of the action including attorneys' fees.

Dated: New York, New York
       April 27, 2017

BLANK ROME LLP

Samuel D. Levy (SDL9271)
slevy@blankrome.com
Craig M. Flanders (CF2009)
cflanders@blankrome.com
The Chrysler Building – 405 Lexington Ave.
New York, New York 10174-0208
Firm:   212-885-5000
Direct: 212-885-5352
Fax:    212-202-6187
*Counsel for Plaintiffs Iconix Brand Group,
Inc.; Studio IP Holdings, LLC, and Icon DE
Holdings, LLC*

521949.00667/105584627v.2

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all issues so triable.

Dated: New York, New York
      April 27, 2017

                    BLANK ROME LLP

                    Samuel D. Levy (SDL9271)
                    slevy@blankrome.com
                    Craig M. Flanders (CF2009)
                    cflanders@blankrome.com
                    The Chrysler Building – 405 Lexington Ave.
                    New York, New York 10174-0208
                    Firm:   212-885-5000
                    Direct: 212-885-5352
                    Fax:    212-202-6187
                    *Counsel for Plaintiffs Iconix Brand Group,*
                    *Inc.; Studio IP Holdings, LLC, and Icon DE*
                    *Holdings, LLC*

521949.00667/105584627v.2